UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEGGI GAYE GIOLETTI,<br>Plaintiff,<br>v.<br>HOME DEPOT U.S.A., INC., et al.,<br>Defendants. | Case No. 26-cv-11018-RFL<br><br>**ORDER DISMISSING COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>Re: Dkt. No. 1 |

Peggi Gioletti filed this negligence action based on injuries from a fall in Home Depot's store. (Dkt. No. 1.) Gioletti's complaint did not allege either a federal claim or facts sufficient to support diversity jurisdiction. (*See* Dkt. No. 1.) No amount in controversy is alleged, and no information about Home Depot's citizenship is alleged. Because federal courts have an independent obligation to address a potential lack of subject matter jurisdiction, *see FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 230–31 (1990), the Court ordered Gioletti to show cause why there is subject matter jurisdiction over her action. (Dkt. No. 5.) Gioletti's response indicated that the sole basis for subject matter jurisdiction is diversity jurisdiction, and stated that "[t]he amount in controversy exceeds the sum or value of $75,000." (*See* Dkt. No. 6.) However, she did not support that conclusory statement with any facts. Similarly, Gioletti stated that Home Depot is a citizen of Delaware, without explaining where Home Depot is incorporated or where its principal place of business is. (Dkt. Nos. 1, 5.) In sum, Gioletti has not alleged a basis for diversity jurisdiction in the complaint or submitted facts supporting such jurisdiction. *See* 28 U.S.C. § 1332(a).

Thus, the order to show cause is dissolved and the complaint is **DISMISSED** for lack of subject matter jurisdiction. Dismissal is with leave to amend and without prejudice. If Gioletti wishes to file an amended complaint, it must be filed by **November 30, 2026**. If no amended complaint is filed by that date, the case will remain dismissed without prejudice and will be closed.

**IT IS SO ORDERED.**

Dated: November 5, 2026

RITA F. LIN
United States District Judge